ACCEPTED
12-14-00305-CR
TWELFTH COURT OF APPEALS
TYLER, TEXAS
2/24/2015 5:03:48 PM
CATHY LUSK
CLERK

**CAUSE NO. 12-14-00305-CR**

**IN THE 12TH COURT OF APPEALS OF TEXAS**

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS
2/24/2015 5:03:48 PM
CATHY S. LUSK
Clerk

Jimmy DeShawn Mosley, JR.,

Appellant

vs.

THE STATE OF TEXAS,

Apellee

HONORABLE DWIGHT PHIFER, JUDGE PRESIDING

2nd JUDICIAL DISTRICT COURT, CHEROKEE COUNTY, TEXAS

BRIEF IN SUPPORT OF MOTION TO WITHDRAW UNDER ANDERS V. CALIFORNIA

ATTORNEY FOR APPELLANT

JONATHAN RICHEY
SBN: 24065973
Norman, Angle, Guy & Brewer, PLLC
215 E. COMMERCE STREET
JACKSONVILLE, TX 75785
903-586-2595

## IDENTITY OF PARTIES AND COUNSEL

| | | |
|---|---|---|
| The parties to the trial Court's judgment are: | Jimmy DeShawn Mosley, Jr. | Defendant |
| | The State of Texas | Prosecution |
| Trial counsel were: | Sten Langsjoen<br>Attorney at Law<br>P. O. Box 539<br>Tyler, Texas 75710<br>903-531-0171 | Defense Counsel |
| | Allen Ross<br>142 W. 5th St.<br>Rusk, TX 75785<br>903-683-2454 | Defense Counsel |
| | Cherokee County District Attorney's Office<br>Cherokee County Courthouse<br>Rusk, Texas 75785<br>903-683-2573 | State of Texas |
| Appellate Counsel are: | Jonathan Richey<br>215 E. Commerce St., 2nd Floor<br>Jacksonville, TX 75766<br>903-586-2595; Fax: 903-586-0524<br>jrichey@normanlawfirm.com | Appellant |
| | Rachel Patton<br>Cherokee County District Attorney's Office<br>135 S. Main<br>Rusk, Texas 75766<br>903-683-2573; Fax 903-683-2309 | State of Texas |

1

# TABLE OF CONTENTS

Identity of the Parties.................................................................................................................................1

Constitutions, Codes, and Statutes and Index of Authorities.................................................................3

Statement of the Case............................................................................................................................4

Issue Presented.......................................................................................................................................4

Statement of the Facts............................................................................................................................4

Summary of the Argument.......................................................................................................................6

Notation Glossary....................................................................................................................................7

Argument.................................................................................................................................................9

Prayer.....................................................................................................................................................11

Certificate of Servie...............................................................................................................................12

Certificate of Word Compliance.............................................................................................................12

## CONSTITUTIONS, CODES, AND STATUTES

Tex. Penal Code, sec. 19.02..................................................................................................10

Tex. Penal Code, sec. 19.03..................................................................................................10

Tex. Penal Code, sec. 37.071...........................................................................................9, 10

Tex. Rules of Appellant Procedure, sec. 25.2.....................................................................9

## INDEX OF AUTHORITIES

*Anders v. California*, 386 U.S. 738 (1967).........................................................................4

*Busby v. State*, 990 S,W,2d 263 (Tex. Crim. App. 1999)................................................11

*Chamberlain v. State*, 998 S.W.2d 230 (Tex. Crim. Appl 1999) *cert. denied* 528 U.S. 1082 (2000)............10

*Estrada v. State*, 313 S.W.2d 274 (Tex. Crim. App. 2010).........................................9, 10

*Gallo v. State*, 239 S.W.3d 757 (Tex. Criim. Ap.. 2007)................................................10

*Matchett v. State*, 941 S.W.2d 388 (Tex. Crim. App. 1996)..........................................11

*Rayford v. State*, 125 S.W.3d 521 (Tex. Crim. App. 2003).............................................10

*Segundo v. State*, 270 S.W.3d 79 (Tex. Crim. App. 2008...............................................10

*State v. Blackwell*, 500 S.W.2d 97 (Tex. Crim. App. 1973)...........................................11

*Threadgill v. State*, 146 S.W.3d 654 (Tex. Crim. App. 2004)........................................11

*Westbrook v. State*, 29 S.W.3d 109 (Tex. Crim. App. 2000).........................................11

## STATEMENT OF THE CASE

On October 20, 2012, Appellant, Jimmy DeShawn Mosley, Jr., was arrested for Capital Murder. (C. R. pg. 5). Pending the trial, counsel for Appellant filed a Motion to Find Article 37.071, Section 2(b)(1) Unconstitutional ("Future Danger") and a Motion to Declare Section 19:02-19:03 Texas Penal Code Unconstitutional. (C.R. pg. 89-101, 103-113). After a hearing, the trial court denied both motions. (C.R. pg. 102-114). On September 22, 2014, Appellant entered a guilty plea to the offense of Capital Murder. (C.R. pg. 129-130). The punishment recommendation from the State was that Appellant serve life in the Texas Department Criminal Justice without the possibility of parole; and in exchange for Defendant's plea of guilty, the State would not pursue the Death Penalty. (C.R. pg. 129-12-30, see also Settlement Agreement and Related Stipulations, C.R. pg. 131-135). Appellant now appeals the denial of those written pretrial motions heard and ruled on by the trial court.

## ISSUE PRESENTED

## NO MERITORIOUS ISSUES PRESENTED FOR REVIEW

Pursuant to *Anders v. California*, 386 U.S. 738 (1967), counsel for Appellant has completed a diligent search of the record. Upon researching all applicable law, counsel has determined that this appeal is without merit and frivolous. The sole issue before the Court is whether counsel for Appellant should be allowed to withdraw and whether Appellant be granted reasonable time to file a pro se brief, on his own behalf.

## STATEMENT OF FACTS

On October 20, 2012, Appellant, Jimmy DeShawn Mosley, Jr., was arrested for Capital Murder. (C. R. pg. 5). Appellant completed an application for a court appointed attorney, and he was appointed

4

Sten Langsjoen for trial counsel. (C.R. pg. 6-8). An indictment was later returned on December 17, 2012, for the charge of Capital Murder, and the appellant's bail was set at $250,000.00. (C.R. pg. 10-11). Appellant remained in custody at the Cherokee County Jail until the date of his trial on September 22, 2014.

Cherokee County District Attorney, Rachel Patton, filed a notice of intent to seek the death penalty on June 12, 2013. (C.R. pg 29-30). On September 16, 2013, Mr. Langsjoen filed a motion to appoint co-counsel, and the court appointed Allen Ross to assist. (C.R. pg. 32-35). Prior to Appellant's trial date, trial counsel filed numerous motions, the majority of which were granted by the trial court. (*see* Motion for Production of Criminal Records & for Identification of Physical Evidence, C.R. pg. 14-16; Motion in Limine, C.R. pg. 17-19; Motion for Pre-Trial Daubert Production & Hearing, C.R. pg. 20-24; Motion to Inspect Stacy's Club, C.R. pg. 36-39; Motion for Ex Parte Relief, C.R. 40-43; Motion for Limited Daily Transcripts, C.R. pg. 60-66; Request that Defense be allowed to Occupy Counsel Table Nearest to Jury Box, C.R. . 67-72; Motion for the Court to Direct the Court Reporter to Records Proceedings, C.R. pg. 82-84; Motion to Preserve Right to File Other Motions, C.R. pg. 85-88).

Trial counsel for Appellant filed a Motion Seeking Bail Reduction, and in return, the State's attorney filed Motion to Hold Defendant Without Bond. (C.R. pg 47-49, 54-56). A hearing was held on January 30, 2014. (R.R. pg. 1-64). At the conclusion of the hearing, the trial court denied both motions and set Appellant's bail at $500,000.00. (C.R. pg. 59).

There were, however, two defense motions filed which the trial court denied. Trial counsel for Appellant filed a Motion to Find Article 37.071, Section 2(b)(1) Unconstitutional ("Future Danger") and a Motion to Declare Section 19:02-19:03 Texas Penal Code Unconstitutional. (C.R. pg. 89-101, 103-113). After a hearing, the trial court denied both motions. (C.R. pg. 102-114).

5

Then on September 22, 2014, Appellant entered a guilty plea to the offense of Capital Murder. (C.R. pg. 129-130). The punishment recommendation from the State was that Appellant serve life in the Texas Department Criminal Justice without the possibility of parole; and in exchange for Defendant's plea of guilty, the State would not pursue the death penalty. (C.R. pg. 129-12-30; *see also* Settlement Agreement and Related Stipulations, C.R. pg. 131-135). As a condition of the appellant's plea, he also signed the Trial Court's Certification of Defendant's Right of Appeal, indicating that Appellant does have a right to appeal matters raised by written motion filed and ruled on before trial and not withdrawn or waived. (C.R. pg. 136-137). Also admitted at trial was a Competency Evaluation prepared by Thomas G. Allen, Ph.D indicating that Appellant was competent to stand trial. (C.R. pg. 125-128).

The trial court sentenced Appellant to Life without the possibility of parole, and he then filed a Notice of Appeal. Subsequently, appellate counsel filed Motion for a new trial and Motion in Arrest of Judgment and an Amended Notice of Appeal (C.R. pg. 141-148). This appeal ensued.

## SUMMARY OF THE ARGUMENT

The undersigned counsel for Appellant, upon making a determination that there is no reversible error in the trial court should be allowed to withdraw as counsel, and Appellant should be allowed a reasonable time to file a pro se brief on his own behalf.

## NOTATION GLOSSARY

R.R. ..............................................................Reporter's Record

C.R ..............................................................Clerk's Record

**ARGUMENT**

The attorney for Appellant has completed a thorough review of the records and researched all applicable law and has not been able to find any potentially reasonable point of error or reversible error. Appellant entered a plea of guilty and the punishment assessed did not exceed that which was recommended by the prosecutor and accepted by the defendant. Therefore, Appellant may now only appeal those matters which were raised by written motion prior to trial. Tex. R. App. P. 25.2. Counsel is of the opinion that no error exists in the two issues which were raised prior to trial; therefore, this appeal is frivolous and without merit. *Anders v. California*, 386 U.S. 738 (1967). Counsel for Appellant certifies that a true copy of the *Anders* Brief in support of the Motion to Withdraw has been forwarded to Appellant with an explanation of the appellant's rights regarding his appeal. *Id. see also* Exhibit "A."

Texas Rules of Appellate Procedure identifies rights of appeal for appellants:

> In a plea bargain case – that is, a case in which a defendant's plea was guilty or nolo contendere and the punishment did not exceed the punishment recommendation by the prosecutor and agreed to by the defendant – a defendant may appeal only: (A) those matters that were raised by a written motion filed and ruled on before trial, or (B) after getting the trial court's permission to appeal. 25.2 Tex. R. App. P.

Trial counsel for appellant filed two written motions which were denied by the trial court. (C.R. pg. 89-101, 103-113). Because Appellant later entered a guilty plea and the punishment assessed did not exceed the recommendation from the prosecutor and agreed to by the defendant, these two motions are the only points of error that Appellant may appeal. (C.R. pg. 129-135, *see also* Trial Court's Certification of Defendant's Right of Appeal, C.R. pg. 136). Both matters are without merit.

The trial court did not err in denying Appellant's motion to find Article 37.071, Section 2(b)(1) unconstitutional. Trial counsel for appellant filed a written Motion to Find Article 37.071, Section 2(b)(1)

8

Unconstitutional ("Future Danger"). (C.R. pg. 89-101). A hearing was held on May, 8, 2014 whereby the court denied the motion to hold Article 37.071 Section 2(b)(1) unconstitutional. (R.R. pg. 24-39). The Texas Court of Criminal Appeals has repeatedly held that Article 37.017 is not unconstitutional. *Estrada v. State*, 313 S.W.3d 274, 306 (Tex. Crim. App. 2010); *Segundo v. State*, 270 S.W.3d 79, 102 (Tex. Crim. App. 2008); *Gallo v. State*, 239 S.W.3d 757, 779 (Tex. Crim. App. 2007); *Rayford v. State*, 125 S.W.3d 521 (Tex. Crim. App. 2003). In *Rayford*, the Court addressed the exact issue which was argued in this case: that the Texas death penalty scheme is unconstitutional, "because of vague, undefined terms in the jury instruction at the punishment phase of trial that he claims effectively determine the difference between a life sentence and the imposition of the death penalty." *Rayford*, 125 S.W.3d 521 at 522 (Tex. Crim. App. 2003). The law states that one jury issue presented in a capital case is "whether there is a *probability* that the defendant would commit criminal acts of violence that would constitute continuing threat to society." Tex. Code Crim. P. Art. 37.017. *emphasis added*. The *Rayford* Court stated that, "[w]e have repeatedly rejected identical claims." Rayford, 125 S.W.3d 521 at 532 (Tex. Crim. App. 2003), citing *Chamberlain v. State*, 998 S.W.2d 230, 237-238 (Tex. Crim. App. 1999) *cert. denied*, 528 U.S. 1082, 145 L. Ed. 2d 678, 120 S. Ct. 805 (2000). Since Article 37.071 has continuously been held constitutional as applied in the Texas death penalty scheme, the trial court did not error in denying Appellant's motion to hold such article unconstitutional. Furthermore, in the instant case, this part of the Texas death penalty scheme was never actually applied to Appellant. The appellant entered a guilty plea prior to an actual jury trial. Appellant was not sentenced to the death penalty. Appellant may not appeal the application of a law that was never applied to his case. Therefore, no error exists.

The trial court did not err in denying Appellant's written trial Motion to Declare Section 19.02-19.03 Texas Penal Code Unconstitutional. A hearing was held regarding the previously mentioned motion

on May 8, 2014. (R.R. pg. 5-23). At the hearing, trial counsel for Appellant argued that sections 19.02-19.03 of the Texas Penal Code are unconstitutional because the issue of sudden passion is not submitted to a jury in a charge for capital murder; therefore, the capital murder statutory scheme is unconstitutional in that it violates the Eighth Amendment of the U.S. Constitution. *See* Tex. Penal Code Section 19.02-19.03; *see also* R.R. pg. 5-19. This exact issue has been litigated on numerous occasions, and each time the constitutionality of these sections has been upheld. *See Threadgill v. State*, 146 S.W.3d 654, 672 (Tex. Crim. App. 2004); *Busby v. State*, 990 S.W.2d 263, 272 (Tex. Crim. App. 1999); *Matchett v. State*, 941 S.W.2d 388 (Tex. Crim. App. 1996); *Westbrook v. State*, 29 S.W.3d 103 (Tex. Crim. App. 2000). In *Westbrook*, the Court of Criminal Appeals addressed this exact issue. The Court in *Westbrook* noted that, "[t]he legislature is vested with the lawmaking power of the people in that it alone 'may define crimes and prescribe penalties.'" *Westbrook*, 29 S.W.3d 103 at 112 (Tex. Crim. App. 2000), *quoting Matchett v. State*, 941 S.W.2d 922, 932 (Tex. Crim. App. 1996) *cert. denied*, 521 U.S. 1107, 117 S. Ct. 2487, 138 L. Ed. 2d 994 (1997); *State v. Blackwell*, 500 S.W.2d 97, 104 (Tex. Crim. App. 1973). The Court continued by stating that, "[t]he Legislature, through its broad power to classify crimes and those who stand accused of crimes, chose not to permit the defense of 'sudden passion' in the context of capital murder." *Westbrook*, 29 S.W.3d 103 at 113 (Tex. Crim. App. 2000). This argument was ultimately denied by the Court. Since this section of the Texas death penalty scheme has continuously been held to be constitutional, the trial court did not error in denying Appellant's motion. Moreover, since the appellant entered a guilty plea prior to an actual jury trial, the "sudden passion" issue was never actually applied to his case. Appellant may not appeal the application of the law which was not applied to his case. Therefore, no error exists.

10

Attorney for Appellant has completed a review of the record and researched all potential reasonable points of error. Since Appellant pleaded guilty to the charged offense, and the punishment assessed did not exceed that which was recommended by the prosecutor and accepted by the defendant, he may only appeal those matters raised by written motion prior to trial. Moreover, the matters which were raised prior to trial do not present any error by the trial court. Therefore, counsel for Appellant is of the opinion that this appeal is frivolous and without merit. Counsel for Appellant should be allowed to withdraw, and Appellant should be granted a reasonable time to file a pro se brief on his own behalf.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Counsel of Appellant prays this Honorable Court accept Appellant's brief, grant counsel's Motion to Withdraw and allow Appellant a reasonable time to file a pro se brief on his own behalf. Counsel has furnished Appellant with a copy of his brief and Motion to Withdraw, while notifying Appellant that he has a right to review the records and file any brief that he deems appropriate. Additionally, Appellant has been provided documentation advising him of his rights and remedies.

Respectfully submitted

Jonathan Richey
SBN: 24065973
Norman, Angle, Guy & Brewer, PLLC
215 E. COMMERCE STREET
JACKSONVILLE, TX 75785
903-586-2595
Attorney for Appellant

**CERTIFICATE OF SERVICE**

I, Jonathan Richey, the undersigned attorney for Appellant, do hereby certify that a true and correct copy of the foregoing document was served on, Cherokee County District Attorney , via facsimile transmission to 903-683-2309 on or before February 24, 2015.

_____
Attorney for Appellant

**CERTIFICATE OF WORD COMPLIANCE**

Assistant District Attorney, Jonathan Richey, on this the 24th day of February, 2015, hereby certifies this document has a 2588 word count, including captions and table of contents.

_____
Attorney for Appellant



**The Norman Law Firm**

Marvin J. Angle, Partner
Steven R. Guy, Partner
D. Brett Brewer, Partner
Jonathan H. Richey, Associate

Summers A. Norman
(1905-1986)

February 24, 2015

Jimmy Deshawn Mosley, Jr.
#1954147
Byrd Unit
21 FM 247
Huntsville, TX 77320

Re:     Court of Appeals No:12-14-00305-CR, State of Texas v. Jimmy Deshawn Mosley, Jr.

Dear Mr. Mosley,

Please find enclosed my Motion to Withdraw as your attorney as well as the Brief in support of such withdrawal. After a careful review of the record, I was unable to find any error that would entitle you to a new trial. For that reason, I have moved to withdraw as your lawyer. The rules require this. The Motion to Withdraw is supported by a brief. If you do not agree with this brief, you may file your own brief by writing a letter to the 12th Court of Appeals, telling the Court why you did not get a fair trial. This should be done as soon as possible. No particular format is necessary. Address your letter to : ATTENTION: CLERK OF THE COURT, TWELFTH COURT OF APPEALS, 1517 West Front Street Suite 354, Tyler, Texas 75702. In your letter, be sure to reference the appellate court case number. The Clerk will provide you with a deadline. I am enclosing another copy of both the Clerk's Record and the Reporter's Record to assist you in your review of your file.

The Court of Appeals is required to do an independent review of the record so that it can determine whether there are any grounds for appeal. You will have thirty days to file your own brief and bring to the Court's attention any matter you believe is important when they consider your conviction. The deadline by which you must file your own brief will be provided by the Court, and you will receive that information directly from the Court of Appeals, in the event you write a letter as instructed in the paragraph above. If the decision of the Court of Appeals is unfavorable to you, you may file an appeal with the Court of Criminal Appeals after the Court of Appeals decides your case. I have not been appointed to represent you in that appeal. To file a Petition for Discretionary Review, you must mail it on or before the 30th day after the Court of Appeals issues it's opinion. The Petition should be mailed to the Clerk of the Court, Twelfth Court of Appeals, 1517 West Front Street, Suite 354, Tyler, Texas 75702.

Please be advised that you are entitled to review the appellate record to assist you in preparing your own brief. That is why I am forwarding you both the trial transcript completed by the Court Reporter and the Clerks Record maintained by the district clerk's office.

Until the Court decides tat I am no longer your attorney, I will do my very best to provide you with

**Est. 1898**

**Norman, Angle, Guy & Brewer, L.L.P.**
215 East Commerce, 2nd Floor · Jacksonville, Texas 75766 · 903.586.2595 · Fax: 903.586.0524
www.normanlawfirm.com

information that may assist you.  Please let me know if there is anything that I may do

Sincerely,

Jonathan Richey

Enclosure:

Est. 1898

**Norman, Angle, Guy & Brewer, L.L.P.**
215 East Commerce, 2nd Floor  •  Jacksonville, Texas 75766  •  903.586.2595  •  Fax: 903.586.0524
www.normanlawfirm.com